WELLS and another, Respondents, vs. ANDREAS, Appellant.

*March 14—March 31, 1908.*

*Real-estate broker: Commission.*

A commission contract for the sale of realty contained a provision that the principal could revoke the same on ninety days' written notice to the agent, and in case of such revocation the agent was to be entitled to receive no compensation unless a sale was made to a purchaser procured by him prior to the expiration of the contract. *Held*, that the agent was entitled to recover the stipulated commission on a sale consummated by the principal after the expiration of the contract to a purchaser procured by the agent during the existence of the contract and with whom the principal had previously refused to deal.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action on a commission contract for a sale of realty.

The following excerpt from the contract shows sufficiently the agreement:

"The said party of the first part does hereby appoint and give the second party the exclusive right of selling the following described property and also authorizes them to enter into a written contract and sell the same in his behalf, to-wit—sum of thirty-eight hundred dollars, northeast quarter, northeast quarter, south half of northeast, all section four, town nine, range three east.   The said above described property is to be sold if possible for the sum of thirty-eight hundred dollars or any other sum less that figure satisfactory to the first party—and in case of a sale being made the second party are to receive a commission of four per cent. in full compensation for their services. . . . But the first party reserves the right to revoke this agreement by giving second party ninety days' notice in writing.   Then they shall have no compensation unless the sale is made to a purchaser procured by the said agents prior to such expiration."

The complaint contained appropriate allegations showing the nature of the commission agreement and that pursuant thereto and within the life thereof plaintiffs procured a customer ready, willing, and able to purchase the property at a sum which the defendant had signified his willingness to accept, and then the defendant refused to part therewith to such customer, canceled the contract, and after waiting ninety days sold the land to such customer.   The amount of commission claimed was $140 and interest.

The defendant answered denying the allegations of the complaint and specially denying that plaintiffs at any time produced a purchaser ready, willing, and able to buy the property on terms mentioned in the commission contract or terms satisfactory to the defendant, and alleged that the sale finally made was without reference to any effort in that regard by plaintiffs; and further pleaded a settlement.

The cause was submitted to the jury resulting in the following two special findings:

"(1) Prior to September 5, 1905, did plaintiff secure a purchaser ready, willing, and able to buy the land in question at a price satisfactory to the defendant? *A.* Yes. (2) Did the plaintiff on September 5, 1905, agree to release and discharge the defendant from all liability under the contract? *A.* No."

The evidence was uncontroverted that defendant refused to deal with the proposed purchaser mentioned in the verdict, and that if the findings of the jury are correct the reason why the sale was not made was owing to the conduct of defendant.

Judgment was rendered upon the verdict in plaintiffs' favor.

For the appellant there was a brief by *T. W. King* and *Bentley & Kelley,* and oral argument by *Mr. King* and *Mr. F. R. Bentley.*

For the respondents there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

MARSHALL, J. A careful review of the record satisfies us that the verdict, so far as it finds that respondents within the life of the commission contract procured a customer for appellant's farm and that the former did not release the latter from liability under such contract, is supported by credible evidence. The findings in that regard, in connection with facts which appear conclusively from the evidence, support the judgment under our construction of the contract, leaving out of view the question mainly discussed by counsel for appellant.

The provision securing compensation to respondents in case of a sale being made by appellant to a purchaser procured by the former prior to the expiration of the contract very clearly was intended to so protect respondents that in case of their finding a customer for the property while they

were entitled to seek therefor and a sale by appellant to such customer after the expiration of the commission contract, they should have the same right to compensation for their services as in case of a contract of sale satisfactory to appellant being made by them with such customer prior to the termination of the commission agreement. The complaint sets forth fully a cause of action under that feature of such contract. That respondents did secure a customer for the property to whom appellant subsequent to the termination of such agreement sold the property is a verity in the case. Hence there is no escape from the conclusion that the stipulated commission was earned, and that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.