## BURT v. STRINGFELLOW et al.

No. 2872. Decided July 17, 1916 (159 Pac. 527).

1. APPEAL AND ERROR—REVIEW—FINDINGS—CONCLUSIVENESS. Findings in a law case supported by substantial evidence cannot be reversed because based upon insufficient evidence. (Page 333.)

2. BROKERS—EMPLOYMENT—VALIDITY OF CONTRACT. A contract under which a prospective vendor gives a broker the right to sell within a certain period with the option of purchasing the land himself is valid. (Page 334.)

3. BROKERS—COMPENSATION—PERFORMANCE WITHIN TIME SPECIFIED. Where a broker interested certain parties in land which they purchased from his principals soon after his contract expired, but the principals did not prevent him from closing the deal within the contract period, held, the broker could not collect his commission. (Page 336.)

Appeal from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by John A. Burt against Arthur Stringfellow, and others.

Judgment for defendants. Plaintiff appeals.

AFFIRMED.

*Jones, Brown & Judd,* for appellant.

*Ben Johnson* and *J. J. Whitaker,* for respondents.

FRICK, J.

The plaintiff brought this action to recover a real estate broker's commission. The case is here on second appeal. *Burt* v. *Stringfellow et al.,* 45 Utah 207, 143 Pac. 234. In the

opinion in that case we set forth in full the contracts entered into between the plaintiff and the defendants, and upon which this action is based; and we shall not repeat the terms thereof here, except in so far as it may become necessary to a complete understanding of the points decided.

At the first trial the district court dismissed the action upon the ground that, as a matter of law, plaintiff could not recover a commission under the terms of the contracts. The judgment was reversed and the cause remanded for a new trial. The case proceeded to second trial in the same court, but before another judge. After hearing the case upon the evidence produced by the parties the court found the issues in favor of the defendants and entered judgment accordingly. Plaintiff appeals.

The findings are too long to be copied into this opinion. The substance of the material portions thereof is as follows: That on the 8th day of September, 1911, the defendants entered into the two agreements mentioned in the former opinion and under the circumstances there set forth; that under the terms of said agreements the plaintiff obtained an option to purchase certain real property owned by the defendants for the sum of $9,000 or to sell it to some other person for said sum, and that in either event plaintiff was to receive the sum of 5 per cent. on the purchase price, or $450, as a commission, the same to be deducted by him out of the purchase price aforesaid; that the plaintiff paid the sum of $50 for the option aforesaid and the same was to continue in full force and effect until the 15th day of November, 1911; that the plaintiff made efforts to sell said property and to that end he induced H. A. and Almer O. Sproul, two brothers, to visit and inspect said property; that plaintiff offered to sell said property to said Sproul brothers for the sum of $11,000, and that he at no time offered to sell the same to them, or to any other person or persons, for a less sum; that said Sproul brothers at no time informed plaintiff that they were ready, able, and willing to purchase the property at the price aforesaid, although they informed him that they thought they could "handle" the property and would "make him a proposition  *  *  *  if they decided to take it;" that

they at no time made plaintiff an offer to purchase the property, although they frequently saw him before the 15th day of November, 1911.

The court further found:

"That thereafter on or about the 13th day of November, 1911, while the said option and contract of agency was still in force, certain of the defendants signed to one John Jones a commission of agency to sell the said property for the sum of $9,000 upon a commission of 5 per cent. of the purchase price, which it was understood and agreed was not to become effective until all the parties to said agreement had signed; and the said agreement did not become effective until the 18th day of November, 1911, the date upon which Arthur Stringfellow, one of the defendants named herein, signed the same. And on the said 13th day of November, 1911, there was paid to the said John Jones by the said H. A. Sproul and A. O. Sproul the sum of $50 to apply upon the purchase price of said property, which sum, however, was to be returned by the said Jones to the said Sproul in case he was unable to get all the parties interested in said property to sign the agreement to said Jones. That thereafter on the ———— day of February, 1912, the said defendants made, executed, and delivered to said Sproul and Sproul a deed of conveyance for said property and delivered the said water stock to them for the consideration of $9,000.

"That the plaintiff was the procuring cause of making the said sale of said real estate and water stock to said Sproul and Sproul, but under the terms of his contract with the defendants he is not entitled to the sum of $450 for his commission for said sale, or any sum whatsoever, nor is he entitled to the sum of $50 or any sum paid by him to the defendants as a consideration for the execution of the two agreements above referred to. That the said plaintiff did not up to or including the 15th day of November, 1911, or at any time afterward procure and produce to the defendants, or any of them, a purchaser or purchasers who were able, ready, and willing to purchase the said property for the sum of $9,000.

"That neither of the defendants above named nor H. A. Sproul and A. O. Sproul, nor J. W. Stringfellow, or any of

them, ever secretly, knowingly, willfully, or fraudulently connived or conspired together for any purpose whatever. And the said parties or any of them never made or entered into any agreement to sell or dispose of the real property and water stock above described to the said Sproul and Sproul without the knowledge or consent of plaintiff or for the purpose or with the intention of cheating or defrauding the plaintiff out of his commission, or the $50 paid by the plaintiff as a consideration of the execution of the two said written agreements, or for any purpose whatever.

"And the defendants or either of them did not unlawfully interfere with the plaintiff in making the sale to the said Sproul and Sproul within the time, terms, and provisions stated in said contract. And the said defendants, or either of them, did not sell or deliver the said property to the said Sproul and Sproul prior to the 15th day of November, 1911, and did not deprive or prevent plaintiff from making a sale to the said H. A. Sproul and A. O. Sproul within the time, terms, and provisions of said contract.

"From the foregoing findings of fact the court now makes and files its conclusions of law: That the said plaintiff is not entitled to any judgment against the defendants or any of them and that the defendants are entitled to be hence dismissed with their costs."

Counsel for plaintiff assails the findings in his assignments of error. He contends that the evidence is insufficient to justify a number of the findings.

This is a law case, and, therefore, if there is any substantial evidence, either direct or inferential, in support of every material finding, we may not interfere. We have read the evidence, and, after doing so, are firmly convinced that there is not only some substantial evidence in support of every material finding, but, in our judgment, the findings are sustained by the preponderance of the evidence. Indeed, the evidence adduced by the plaintiff, in view of the cross-examination, is alone sufficient to sustain the principal findings made by the court.

Counsel, however, insists that the court erred in its conclusions of law and in entering judgment for the defendants.

Counsel for the defendants, however, vigorously con-          **2**
tends that both the conclusions of law and judgment are
sound for the reason that under no circumstances can the
plaintiff legally recover judgment under the terms of the con-
tract entered into between him and the defendants.  He in-
sists that in view that the plaintiff had an option to purchase
defendants' real estate, therefore, his relation to them was that
of purchaser and as agent or broker at the same time; that his
duty as agent or broker was incompatible with his interests
as a purchaser in this, that as agent or broker it was his duty
to sell the real estate at the earliest possible moment for the
price fixed by the defendants while with an option to purchase
his interest would be to obtain the highest possible amount in
excess of the $9,000, and he would thus delay a sale until he
could obtain the highest possible price for the property so that
he might make a large profit for himself while in doing so he
would in no way benefit the defendants as the owners of the
property since the amount they would receive was fixed by the
contract.   It is therefore contended that the plaintiff was
attempting to serve two masters, of which he was one, at the
same time, which is abhorrent to the law.

Counsel relies on the doctrine laid down by the Supreme
Court of Wisconsin in *Stewart* v. *Mather*, 32 Wis. 344, where,
in the third headnote, it is said:

"It is a well-settled general rule that a person cannot at the same
time be agent of the vendor to make sale, and purchaser of the
property, and that in assuming the character of purchaser he aban-
dons that of agent to effect the sale."

Counsel also cites 4 A. & E. Ency. L. (2d Ed.) 966, where
the same doctrine is stated.

No doubt the general rule is as stated in the foregoing au-
thorities, but the rule does not apply in all of its strictness
under all circumstances.  This is made clear by the authori-
ties cited and relied on by counsel.  For example, in the Wis-
consin case it is held that the rule, as it is stated, applies,
"unless it was the understanding between him (the broker)
and the vendor at the time of the sale that he should be en-
titled to it," the commission.  In 4 A. & E. Ency. L. (2d Ed.)
*supra,* the doctrine is stated thus:

"A broker employed to sell goods for his principal cannot buy

them for himself; nor can a broker employed to buy his own goods, *unless the principal, with full knowledge of the facts, assents to the transaction.* This rule is inflexible, and it is immaterial that the broker acts in good faith and works no injury to his principal, or even that the transaction is more advantageous to the principal than if had with a stranger.

"The reason of the rule is that, if the broker were permitted to buy from or sell to himself, there would be combined in him the incompatible relations of purchaser and seller, and an interest adverse to that of his principal would be created such as would ordinarily lead to a violation of his duty as agent." Italics ours.

We think the rule is also well settled that the vendor may agree with the broker that the latter have an option to purchase the property himself and at the same time also have the right to sell it to others, and that in case he purchases or sells he shall be entitled to a commission. There is no public policy that is violated by such an agreement and the vendor, being fully cognizant of all the facts, cannot complain. Under such an agreement, however, where a time limit is imposed upon the broker by the contract, he must either purchase or sell within the time specified. He certainly cannot claim the right to purchase under the option after the time has elapsed, nor can he claim the right to a commission unless he finds a purchaser ready, able, and willing to purchase the property at the price and upon the terms and conditions agreed upon between the broker and the vendor, unless the vendor in some way has prevented the broker from making the sale within the time limit. We shall, however, not pause here to again state the law applicable to broker and vendor. It must suffice for us now to refer to the recent decisions of this court upon the subject. See *Little* v. *Herzinger,* 34 Utah 337, 97 Pac. 639; *Little* v. *Gorman,* 39 Utah 63, 114 Pac. 321; *Neighbor* v. *Realty Ass'n.,* 40 Utah 610, 124 Pac. 523, Ann. Cas. 1914D, 1200; *Butterfield* v. *Con. Fuel Co.,* 42 Utah 499, 132 Pac. 559; *But* v. *Stringfellow, supra; Young* v. *Whitaker,* 46 Utah 474, 150 Pac. 972. There is nothing in any of those cases, nor is there anything in the authorities cited by counsel, which prevents the vendor and broker from agreeing upon the conditions under which the latter shall be entitled to commissions; and where such agreement is otherwise free

from legal objections and is carried out in good faith by the broker we can see no objection to the enforcement of such an agreement. We are of the opinion, therefore, that the contention of defendants' counsel cannot prevail.

We proceed to consider whether the court erred in its conclusions of law as contended by counsel. He relies upon the court's finding "that the plaintiff was the procuring cause of making the said sale * * * to said Sproul and Sproul," etc., and he vigorously contends **3** that in view of that finding but one result is permissible, namely, a judgment for the plaintiff. As we said at the outset the findings are very long and go into great detail. Indeed, they contain evidentiary as well as ultimate facts. If the findings just referred to, however, are to be held as controlling, then the conclusions of law and judgment would seem not to be in harmony therewith. In view of all the other findings, however, and especially in view of the undisputed evidence, we cannot see how the finding now under consideration can be considered as controlling or even as being of great importance in this case. As we have seen, the plaintiff, under his contract with the defendants, was given an option to purchase as well as an agency to sell the property. There was, however, a time limit agreed upon within which he was required either to sell or to purchase in order to be entitled to a commission. In view of the uncontradicted evidence and of the finding based thereon that the plaintiff did not procure a purchaser within the time limit we cannot see how, under the law, he is entitled to a commission. He was promised a commission upon the express condition that he should either purchase the property himself or sell it to another for the price named by the defendants within the time specified in his contract. Plaintiff himself testified that he did not do that. He, however, claims that he is entitled to the commission not because he has complied with the aforesaid conditions, but upon the ground that the defendants in some way prevented him from selling the property to the Sprouls, who thereafter purchased it from the defendants. The court, however, found against plaintiff's contention, and, as already intimated, we are bound by the finding in that respect. Coun-

sel, however, vigorously insists that notwithstanding the find-
ings, plaintiff, under the authorities, is entitled to recover
the commission for the reason that the property was in fact
· sold to the Sprouls, who were the parties to whom he had
shown it and to whom he attempted to sell it within the time
limit of his contract. Counsel cites a number of authorities
which, he contends, sustain his contention. There are only
two cases which require comment, namely, the case of *Wells*
v. *Andreas,* 135 Wis. 319, 115 , N. W. 792, and *Gregory* v.
*Bonney,* 135 Cal. 589, 67 Pac. 1038. In both of those cases
the vendor and the broker entered into an agreement where-
by it was agreed that if the broker sold the property with-
in a certain time he was to receive the commission agreed
upon and it was further stipulated that in the event the vendor
should, after the time limit, sell the property to a person to
whom the broker had shown the property and whom he had
solicited to purchase it, that, notwithstanding the time had
expired within which the broker should make a sale, he, never-
theless, should be entitled to the commission agreed upon. In
both cases it was found that the property had been sold to a
person who came within the terms of the contract and both
the Supreme Court of Wisconsin and the Supreme Court of
·California held the broker entitled to the commission. While
the Supreme Court of California said that it considered the
contract a ''hard bargain'' as against the vendor, yet the court
found no legal reason why the contract should not be enforced.
It is obvious that those cases can have no bearing upon the
case at bar. · Indeed, if they have any bearing at all, they
make against the plaintiff's contention and not for it, since
they enforce the terms of the contract. If contracts are to be
enforced against the vendor they necessarily must be en-
forced against the broker, unless some good reason is shown
why such should not be the case. All the other cases cited
by plaintiff can be given no effect under the facts and cir-
cumstances of this case. Under the terms of plaintiff's con-
tract in order to be entitled to a commission he was required
to buy or sell the property within the time limit agreed upon.
While it is true that the defendants had no right to interfere
with a sale or to collude or connive with a prospective pur-

chaser to prevent a sale within the time limit and thereafter sell the property themselves and thus escape the payment of a commission to plaintiff, yet they were not precluded by law, or otherwise, from seeking a purchaser for their property, and if they did so in good faith they could sell the same at any time after the time had expired within which plaintiff was required to purchase or sell the property, and this would be so even though they sold the same to one to whom the plaintiff had attempted to sell if the defendants in no way interfered with plaintiff· or the prospective purchaser and the sale by the broker fell through without their fault. This is precisely what happened in the case at bar. While plaintiff contends that some of the defendants, not all, interfered with him in effecting a sale, the court found to the contrary. In view of the further finding that the plaintiff at no time offered to sell the property to the Sprouls for $9,000, and that he at no time within the time limit produced a purchaser who was ready, able, and willing to purchase the property for the sum of $9,000, the conclusion of law and judgment that the plaintiff was not entitled to the commission seems to us clearly right and therefore should prevail. While it may be true, merely from the standpoint of ethics, that the acts of two of the defendants were not justified, yet we cannot see how, under the facts and circumstances, they exceeded their legal rights, nor can we understand why all of the defendants should suffer because the two may not have followed the strict ethical rules.

The judgment is therefore affirmed, with costs to the defendants.

STRAUP, C. J., and McCARTY, J., concur.