[S. F. No. 1726.   Department One.—November 28, 1900.]

FRANK KIMMELL, Respondent, v. MARGARET SKELLY, Appellant.

BROKER'S COMMISSION—SALE BY OWNER—VALIDITY OF CONTRACT—CONTINUANCE OF EMPLOYMENT.—A contract between the owner of real estate and a firm of brokers, making them exclusive agents to sell, and agreeing to pay them a specified commission upon any sale made by them, or by anyone else, including the owner, during the existence of the contract, which was to continue for thirty days and until withdrawn by the owner in writing, is valid and binding upon the owner according to its terms. In the event of a sale by the owner after the thirty-day period, the employment not having been previously withdrawn in writing, he is liable for the agreed commission.

ID.—CONSTRUCTION OF CONTRACT—SALE NOT A WITHDRAWAL IN WRITING. The contract cannot be construed to allow that a sale and deed

by the owners should constitute a withdrawal in writing pursuant to the terms of the contract, so as to defeat the broker's commission, which was expressly to be paid in the event of such sale before the withdrawal; and the sale could not constitute a withdrawal before the sale was made.

ID.—CONSIDERATION—SERVICES OF BROKERS—FINDING OF PURCHASER.— The consideration for the contract of the owner to pay a commission upon their own sale during the existence of the contract consisted of the agreed services of the brokers in attempting to find a purchaser. If they performed such services, the fact that no purchaser was found by them cannot defeat the contract, which was more than an ordinary broker's contract. The parties were at liberty to make the compensation of the broker depend upon any lawful condition agreed to in the contract; and the only question in such case is as to what the contract provides.

ID.—FRAUD OR MISTAKE—NEGLECT OF OWNER TO READ CONTRACT—RELI-ANCE UPON STATEMENTS OF BROKERS.—The neglect of the owner, who had the ability to read the contract and who was furnished with a copy thereof, to read it in its entirety before signing it, and her reliance upon the statements of the brokers as to its contents, is only proof of negligence upon her part, and cannot entitle her to set aside the contract on the ground of fraud or mistake. There was no special relation of trust or confidence between the owner and the brokers; and she was not entitled to rely upon their statements as to the contents of the contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Mullany, Grant & Cushing, and O. K. Cushing, for Appellant.

The plaintiffs were employed as brokers to sell the property, and they must have found a purchaser ready and willing to purchase to entitle them to their commission. (*Gonzales v. Broad,* 57 Cal. 224; *Middleton v. Findla,* 25 Cal. 76; *Phelps v. Prusch,* 83 Cal. 626; *Smith v. Schiele,* 93 Cal. 144; *Gunn v. Bank of California,* 99 Cal. 352; *Oullahan v. Baldwin,* 100 Cal. 660; *Martin v. Ede,* 103 Cal. 161; *Garberino v. Roberts,* 109 Cal. 125; *Sibbald v. Bethlehem Iron Co.,* 83 N. Y. 378, 383.[1]) On the whole case, it appears that it was the intention of

---

[1] 38 Am. Rep. 441.

both parties to limit the contract to thirty days. The contract should be construed against the brokers, who furnished their own studiously prepared and printed form. (*Berliner v. Travelers' Ins. Co.*, 121 Cal. 458, 466.[2]) And it being subject to withdrawal (*Brown v. Pforr*, 38 Cal. 550), the terms "while this contract is in force" should be limited to the written period of thirty days prescribed. Under all of the circumstances, the defendant should not be further annoyed or subjected to any loss or penalty, by reason of the claim here asserted, which depends upon a clause of the contract which should be rejected as contrary to the intention of the parties. (Civ. Code, secs. 1640, 1651, 1653; *Jackson v. Puget Sound Lumber Co.*, 123 Cal. 97, 100, 101; *Ward v. Yorba*, 123 Cal. 447; *Learned v. McCoy*, 4 Ind. App. 238.) There is no consideration for plaintiff's claim, no purchaser having been found, and this affirmatively appears. (Civ. Code, sec. 1639; *Brickell v. Batchelder*, 62 Cal. 639.) This is an action to recover a penalty from defendant for doing the lawful act of trading off her own property, after the exclusive agency really contracted for had expired, and such an action should fail. (3 Parsons on Contracts, 157.)

Lent & Humphrey, for Respondent.

The terms of the contract must govern this case, and the finding of a purchaser is not essential under its terms. (*Crane v. McCormick*, 92 Cal. 176, 181, 182; *Maze v. Gordon*, 96 Cal. 61, 66, 67; *Rucker v. Hall*, 105 Cal. 425, 426, 428.) The defendant, not being illiterate, was bound to know the contents of the instrument she signed, and was not entitled to rely upon any representation as to its contents. (*Hawkins v. Hawkins*, 50 Cal. 558; *Crane v. McCormick, supra; Commissioners etc. of San Jose v. Younger*, 29 Cal. 172; *Finlayson v. Finlayson*, 17 Or. 347[3]; 2 Kent's Commentaries, 484; 1 Story's Equity Jurisprudence, sec. 195 et seq.; 8 Am. & Eng. Ency. of Law, 643.)

GAROUTTE, J.—This action is brought by the assignee of the real estate firm of Hooker & Lent, and is based upon

---

[2] 66 Am. St. Rep. 49.        [3] 11 Am. St. Rep. 836.

a broker's contract entered into by defendant April 10, 1897. The material parts of this contract are as follows: "For and in consideration of the services to be performed by Messrs. Hooker & Lent, I hereby employ them as my sole and exclusive agents to sell for me that certain real property. . . . . This employment and authority shall continue for the full period of thirty days from the date hereof and thereafter until withdrawn by me in writing; and I agree to pay to said Hooker & Lent, in the event of the sale of said real property by them or by anyone else, including myself, while this contract is in force, two thousand two hundred and fifty dollars as and for their compensation hereunder." Some weeks after the expiration of the thirty-day period specified in the instrument, but before any withdrawal of the employment of the brokers by defendant in writing had been·made, defendant sold the property. This action was then brought and judgment recovered for the sum of two thousand two hundred and fifty dollars. It is conceded that the brokers found no purchaser for the property, but the evidence shows and the findings of fact are to the effect that they spent time and money in an attempt to find a purchaser.

As far as the merits of this litigation are concerned, it is not material that the sale made by defendant took place after the expiration of the thirty-day period named in the contract; for the contract was in force for thirty days, and *thereafter* until a certain written notice was served on the brokers revoking it, and this notice had not been served when the sale was made. For this reason the contract was in full force and effect at that time. It had exactly the same binding effect upon defendant at the time of the sale, as it would have had if the sale had been made within the first thirty days of its life. If the brokers had found a purchaser at any time prior to the sale made by defendant, then clearly they would have been entitled to their commission; and this circumstance alone shows that the contract was in full force and effect when the sale was made.

It is suggested by appellant that the sale by her was in effect a withdrawal in writing of the employment of the brokers, and thereby put an end to the contract. This contract

cannot bear that construction. A sale by the defendant, followed by her deed, was not the writing contemplated by the terms of the instrument. This is doubly apparent, for defendant agreed by its terms to pay the brokers the amount specified if she herself sold the property; again, if this deed of the property to her grantee should be construed as a withdrawal in writing of the employment of the brokers, it certainly could not be construed as a withdrawal of their employment before the sale was made.

It is claimed that the brokers' contract was one to find a purchaser, and, no purchaser having been found, no commissions were earned, and that for this reason the complaint does not state a cause of action. The contract in this case is not the ordinary broker's contract; it is more. By its terms the brokers were entitled to two thousand two hundred and fifty dollars if during the life of the instrument they found a purchaser; or if during its life defendant sold the property, they were likewise entitled to the same amount. Defendant having sold the property during the life of the contract, this last provision is relied upon to support a recovery, and justly so. The defendant made a contract and had the power to make it; and there is no reason why she should be allowed to escape from its binding force, unless equitable grounds exist which excuse her. The parties to a broker's contract are at liberty to make the compensation of the broker depend upon any lawful conditions they see fit to place therein. The single question is, What does the contract provide?

It is insisted that there is no consideration to support the contract, but with this contention we cannot agree. Defendant employed the brokers to find a purchaser for her real estate, and, in consideration of the services to be performed, she agreed to pay them two thousand two hundred and fifty dollars when they found a purchaser. She also further agreed to pay them the same amount in consideration of their services if she herself sold the property. The consideration for her promise to pay the money if the sale was made by her, was the performance of services by the brokers in seeking a purchaser. Their compensation for these services was the amount of money made payable by the instrument, and pay-

able when the land was sold by her, or some one other than the brokers. This is a fair reading of its terms, and the only reasonable construction which can be given it. It was proven by the evidence, and found as a fact by the court, that services by the brokers were performed, and hence a consideration for her promise was established.

The authorities in this state hold contracts similar to the one at bar legally enforceable. In *Crane v. McCormick,* 92 Cal. 176, the contract provided: "And in consideration of your expenses and efforts in attracting settlers to the county, it is agreed that in event of the withdrawal of said property from sale, or in event of sale through any means during the continuance of this power, the same commission will thus be paid as though sale had been made by you." This provision was held valid, the court saying: "Plaintiff's right of action is based solely upon the provision of the contract that if the defendants withdrew the property from sale, or effected a sale in any manner during the year, the same commissions would be paid as if the sale had been made by De Jarnett & Crane. . . . . Defendants agreed for a valuable consideration to pay the commissions if a sale should be effected in any way during the year; their agents, acting upon the agreement, at their own expense, caused a large number of pamphlets and circulars to be printed and sent to various parts of the world, advertising and offering for sale certain tracts of land, including the land described in the contract. A real estate agent's right of recovery depends entirely upon his contract with the owner of the land." In *Maze v. Gordon,* 96 Cal. 61, the court said: "It was not essential to make out plaintiff's case that he should have found a purchaser. By the terms of the employment commissions become due 'in the event of withdrawing the sale of said property during the time.' The claim to compensation under this provision of the contract is not, as respondent suggests, damages for a breach of the contract in withdrawing the land from sale. This Hamilton had a right to do, and in such event he became indebted to plaintiff for his commissions." The same question arose in *Rucker v. Hall,* 105 Cal. 426, and the court again reiterated the rule laid down in the

two cases cited. The question here presented is purely one of construction of this particular contract, and it is immaterial what may be the judicial construction given the ordinary broker's contract. The brokers here did not agree to find a purchaser, but being employed to find one, they were agents of defendant to that end, and were legally bound to use their time and labor for the benefit of their principal; and it is the use of this time and labor which forms the consideration to support her promise to pay them the compensation mentioned in the agreement.

If this contract had provided in terms that, "in consideration of the brokers' efforts to secure a purchaser, whether or not those efforts were successful, defendant would pay the amount agreed upon as commissions in case she herself sold the property during the life of the contract," I see no possible legal objection to the validity of that kind of a provision, and in substance that is this contract.

There is some claim made that fraud was practiced upon defendant in securing her signature to the instrument. But we find nothing in the evidence tending to show either fraud or mistake. It may be conceded that she signed the document without reading it in its entirety, or it may be conceded even that the brokers made misstatements to her regarding its contents; yet these things are not sufficient in equity to set it aside. Defendant could read, and she declares that she did read part of the writing. She was furnished with a copy of the instrument and had ample time to examine its contents at her leisure. No special relation of trust or confidence existed between her and the brokers. And even upon her own showing all that can be said is, that she carelessly and negligently signed the contract without reading it, and relied upon the statements of the other party to it as to its contents, and that party was one upon whom she had no legal right to rely.

It is contended that some of the findings of fact are not supported by the evidence. This may be considered to be true as to some immaterial findings. But as to those findings of fact necessary to maintain the judgment we hold the evidence sufficient to support them.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.