[S. F. No. 2697.  Department Two.—February 25, 1902.]

CHARLES E. GREGORY, Respondent, *v.* JENNIE L. BONNEY and F. J. BONNEY, Appellants.

SALE OF REAL ESTATE—BROKER'S COMMISSION.—An agreement by the owner of land not to sell it except through the agency of a real-estate broker within a time limited, and that, in case of a sale made by the owner within such time, or within a further period, to one whom the broker had recommended the property, he would pay the broker his full commission, though a hard bargain, is valid, in the absence of fraud; and where the owner, within the time provided, sold for a less sum to one from whom the broker had obtained a larger offer, which was not accepted, the owner is liable for the broker's commission.

ID.—CONSTRUCTION OF CONTRACT—COMMISSION, HOW DETERMINED.— Where the terms of the contract authorized and employed the broker to sell for a fixed sum, "less a commission of five per cent on said sum, and a like commission on any less amount which I may, in writing, agree to accept," the commission is not limited to the fixed sum, and the phrase "which I may, in writing, agree to accept" does

not import that the written acceptance shall be given to the broker, but it is sufficient that there is a written agreement with the pur-chaser to sell the land for a less amount, and the amount of the commission is fixed thereby.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

W. S. Goodfellow, for Appellants.

Thomas S. Wilson, and C. S. Farquar, for Respondent.

HAYNES, C.—Action by a real-estate broker to recover for labor and services alleged to have been rendered for defendant Jennie L. Bonney in connection with the sale of certain real estate, at the agreed price for said labor and services of $550. The answer consists of denials. Plaintiff had findings and judgment for five hundred dollars, and defendants appeal. F. J. Bonney is the husband of Jennie L., the owner of the land. The appeal is from the judgment, taken within sixty days, and the evidence is brought up in a bill of exceptions, and appellants' contention is, that the findings are not justified by the evidence.

The written contract under which the services were alleged to have been rendered was put in evidence by the plaintiff, and reads as follows:—

"San Francisco, Cal., Feb. 19, 1900.

"I hereby authorize and employ Chas. E. Gregory to sell the following real estate, containing 170 acres in Solano County, California, being all of our lands in said county, for the sum of twenty-one thousand two hundred dollars, less a commission of five per cent on said sum, and a like commission on any less amount for which I may, in writing, agree to accept. Terms cash.

"I agree not to sell or dispose of said property during the life of this agreement, except through the agency of Chas. E. Gregory. Should I do so, I will pay the full amount of the commission above provided. If I should sell to any one in thirty days after the expiration of this authority, to whom

the above property had been recommended by said Chas. E. Gregory, I will also pay full commission as above. I hereby certify that the above property is now in my name, and will furnish complete abstract to date, and allow and pay no dollars for advertising. This authority to remain in force, without power of revocation, for three months from date hereof.

"(Signed)                              MRS. JENNIE L. BONNEY.
                                         "F. J. BONNEY."

"San Francisco, May 18, 1900. The above authority is hereby extended for six months from date.

                                    "JENNIE L. BONNEY."

The plaintiff then testified that in July, 1900, he went to see M. V. Sparks and endeavored to sell said property to him; that Sparks then made him an offer of seventy dollars per acre, equivalent to twelve thousand dollars, and he reported said offer to defendants, who refused to accept it, and that the defendants afterwards, on September 5, 1900, sold said property to said Sparks for ten thousand dollars.

It was agreed that said Sparks, if called as a witness, would testify that in July, 1900, he made a verbal offer to plaintiff of seventy dollars per acre; that at that time he expected his sons to take an interest with him, and that he afterwards found they were not willing to do so; that on September 5th defendants came to him with a written contract for a sale of the property, at said price of twelve thousand dollars, which he refused to pay, but then made them an offer of ten thousand dollars, and they accepted it; that a contract therefor was signed, which was afterwards performed; that if his offer made in July had been then accepted, he would have paid twelve thousand dollars.

The defendant F. J. Bonney testified that said Sparks had on two former occasions purchased from defendants portions of the original tract; that in July, 1900, plaintiff was at the property in Solano County, and witness stated to him, as the fact was, that the sons of said Sparks had been to see him, and talked to him of purchasing the property, and then said to plaintiff that if he did not make haste and find a purchaser the defendants might sell the same to Sparks; that plaintiff immediately went to Sparks and had an interview, and reported that Sparks was willing to pay twelve thousand

dollars, which offer the defendants refused to accept. No other evidence was offered or given.

In appellants' brief it is said: "The defendants should not be compelled to pay a commission to the plaintiff, unless the written contract leaves the court no alternative but to render judgment in his favor." It is true, it is a hard contract, and one that defendants should not have made, but there is no illegality in it, nor is fraud alleged. If the contract had ended with the first paragraph, the defendants would have been free to sell to any one who had not been influenced to purchase by the plaintiff without becoming liable to him for commissions. But defendants agreed not to sell except through the agency of plaintiff, or if they did that they would "pay the full amount of the commission above provided"; and they did sell to one from whom the plaintiff had obtained an offer to purchase. It is true that the plaintiff's attention had been called to Mr. Sparks—the ultimate purchaser—by Mr. Bonney, and that plaintiff at once interviewed him and obtained an offer of twelve thousand dollars for the property; but it made no difference to defendants whether they or the plaintiff sold, as the contract required them to pay plaintiff's commission in either event. Presenting the property to Mr. Sparks, and obtaining and reporting his offer, constituted services rendered by the plaintiff under the contract, though if the matter had ended there, and the contract had expired by limitation without anything further being accomplished, no liability to the plaintiff would have been incurred. But before its expiration defendants prepared a contract of sale to Sparks for the price of twelve thousand dollars, which was in effect an acceptance of the offer obtained by the plaintiff some two months before, though Sparks had then refused to pay that amount, and offered ten thousand dollars, which was accepted by defendants.

But it is said that plaintiff's only authority was to sell for the fixed sum of $21,200, with a commission of five per cent upon that amount, and that the only commission "above provided" is based upon that sum, amounting to $1,060. But if that had been intended we may well suppose that sum would have been named as the broker's compensation instead of a percentage. Besides, the contract provides for "a like commission on any less amount which I may in writing agree to

accept," which is wholly inconsistent with defendants' contention; nor do we think this clause required the written acceptance to be given to the plaintiff. If defendants had accepted Sparks's offer made through the plaintiff, by the delivery to them of such a contract as that subsequently prepared, there can be no·doubt that it would have been a sufficient agreement "to accept in writing" the less amount, and that the amount of the commissions would ˙be fixed thereby.

Counsel for appellant has presented every possible ground upon which a reversal of the judgment could be urged, and I have examined them carefully and sympathetically, but I find no ground which would justify a reversal, and therefore advise that the judgment appealed from be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.