[Civ. No. 3044. First Appellate District, Division One.—December 15, 1919.]

## HARRY FAITH, Appellant, v. FRANK MEISETSCHLAGER, Respondent.

[1] BROKER'S COMMISSIONS—EXCLUSIVE AGENCY FOR SALE OF PROPERTY —SALE BY OWNER—RIGHT TO COMMISSION.—A contract authorizing real estate brokers to sell property, which merely makes them the exclusive agents thereof, does not entitle such brokers to their commission on a sale made by the owner unaided by them. Under such circumstances the owner has the right to sell by his own individual efforts without becoming liable to the agents for a commission. This right is an implied condition of the agency, subject

---

1. Right of broker to commissions where owner makes sale, notes, 9 Ann. Cas. 433; Ann. Cas. 1913D, 821.

Does ordinary broker's contract exclude right of sale by owner, note, 10 A. L. R. 814.

to which the agent accepts it; and in such a case his commission is payable only in the event of his success in finding a purchaser before the owner himself makes a sale.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Geo. G. Graham for Appellant.

F. C. Huebner for Respondent.

KERRIGAN, J.—This appeal is from a judgment in favor of the defendant in an action brought by plaintiff for the recovery of the sum of one thousand five hundred dollars, claimed as commissions for the sale of real property.

The contract was entered into by plaintiff's assignor and defendant, and that portion necessary for a discussion of the case reads as follows:

"Fresno, Cal., April 15, 1918.

"I hereby appoint the Action Realty Company of Fresno my agent, with the exclusive right to sell the property described on the reverse side of this card for the price and under the conditions hereon described, or for any less amount authorized by me, and receive deposit on same.

"I agree to furnish deed and abstract showing clear title in me to date, and should Action Realty Company sell such property, or be instrumental in selling the same, I agree to pay them five per cent commission on the selling price. This authorization is to remain in force and effect for sixty days and thereafter until revoked by me in writing.

"Action Realty Co. etc.

"Fr. Meisetschlager."

The complaint recites that the company had expended money in advertising and showing the property to prospective purchasers, and that it had used all means to effect a sale thereof; that the plaintiff and his assignor had fulfilled their part of the contract so far as it was possible, but that defendant had breached the agreement by making a sale of the premises himself without first canceling the plaintiff's rights thereunder, and that defendant had refused to pay the commission agreed upon. The case, therefore, presents

the single question of the proper construction to be given to the contract.

The trial court found that neither the plaintiff nor his assignor, the Action Realty Company, had performed the stipulations in the contract which entitled them to the commission upon the sale of the property.

As ground for reversal it is claimed by appellant that as the agreement provided that plaintiff's assignor should have the exclusive right to sell the property, the action of the owner himself in making a sale within the period limited could not operate to defeat the right of plaintiff's assignor to the amount of the commission provided for, notwithstanding the fact that it had failed to make a sale or produce a purchaser. Standing alone, this argument might have force. The contract, however, contains a specific provision that the Action Realty Company should be entitled to the payment of the specified commission if it were instrumental in selling the property, and no provision is contained therein denying the right of the owner to make a sale. Construed as a whole, we are of the opinion that the instrument amounts to nothing more than an exclusive agency.

[1] A contract authorizing real estate brokers to sell property, which merely makes them exclusive agents thereof, does not entitle such brokers to their commission on a sale made by the owner unaided by them. Under such circumstances the owner has the right to sell by his own individual efforts without becoming liable to the agents for a commission. This right is an implied condition of the agency, subject to which the agent accepts it; and in such a case his commission is payable only in the event of his success in finding a purchaser before the owner himself makes a sale. (*Snook* v. *Page,* 29 Cal. App. 246, [155 Pac. 107].)

It being admitted that the agent here in no manner contributed to the making of the sale, neither it nor plaintiff is entitled to a commission.

Judgment affirmed.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 13, 1920.

All the Justices concurred.