[L. A. No. 12878. In Bank.—November 2, 1931.]

R. C. FLEMING et al., Appellants, v. JESSIE DOLFIN et al., Defendants; G. C. DE GARMO, Respondent.

D. A. Knapp for Appellants.

G. C. De Garmo, *in pro. per.,* and W. M. Crane and H. B. Cornell for Respondent.

LANGDON, J.—This is an action to recover commission for services as a real estate agent. During all of the transactions hereinafter discussed, the property in question stood in the name of defendant Jessie Dolfin. She gave plaintiffs an exclusive agency to sell, with a provision for cancellation upon twenty days' notice. She gave notice of termination, but prior to the expiration of the specified period entered into an escrow agreement which eventually resulted in a sale of the property through an agent named Pair. Pair had been employed by defendant De Garmo. It later appeared that De Garmo and Annie Smith were the actual owners of the property and that defendant Dolfin merely held the title as their agent or trustee. Plaintiff brought suit for the breach of their contract, against Miss Dolfin as agent and De Garmo as undisclosed principal. The judgment below went against the agent, but was in favor of the principal. The judgment against the agent has become final, and plaintiffs appeal from that portion of the decree which absolves the principal.

The ground upon which defendant De Garmo seeks to avoid liability is that he never gave any authorization in writing to Miss Dolfin to sell the property and that the lack of such written authorization constitutes a defense under the statute of frauds. (Cal. Civ. Code, secs. 2309, 1624, subd. 6.) This defense would, of course, be perfectly sound under ordinary circumstances, but it is well settled that a party may by his conduct be estopped to set up the bar of the statute. Such was the holding in *Seymour* v. *Oelrichs,* 156 Cal. 783 [134 Am. St. Rep. 154, 106 Pac. 88]. In the instant case it appears that the owners of the property, of whom defendant De Garmo was one, let the title stand upon the records in the name of defendant Dolfin, thus clothing her with the *indicia* of ownership and permitting her to mislead innocent third parties as to her right to deal with it. Plaintiffs, in reliance upon her apparent ownership, entered upon the performance of their agency with full written authority from her. As against such persons we think it clear that defendant De Garmo is estopped to raise the defense of the statute of frauds. (See *Shirey* v. *All Night and Day Bank,* 166 Cal. 50 [134 Pac. 1001];

*Conklin* v. *Benson,* 159 Cal. 785 [36 L. R. A. (N. S.) 537, 116 Pac. 34].) Although the record is silent as to the participation of Mrs. Smith, she stands in the same position as De Garmo with respect to permitting title to stand in the name of Miss Dolfin. Likewise it appears that he had authority to manage the property and therefore to act for her, and it must also be presumed that she accepted the benefits of the resulting sale of the property through Pair. However, it does not appear that Mrs. Smith was ever served with summons in the action, and her rights are consequently not involved.

It is further contended that irrespective of any fault of defendant, plaintiffs cannot recover in the absence of a showing that they had a purchaser ready, able and willing to buy. This assumes, of course, that the action was brought to recover an earned commission. Such was not the nature of this action, which seeks damages for breach of an exclusive agency contract. Plaintiffs were entitled to the exclusive right to contract for the sale of the property during the period specified, and the sale by Pair before the conclusion of that period destroyed that right and made performance by them impossible. Upon this breach by defendant plaintiffs were entitled to sue for the benefits they might have received under it, namely, the agreed commission. (See *Justy* v. *Erro,* 16 Cal. App. 519, 531 [117 Pac. 575]; *Kimmell* v. *Skelly,* 130 Cal. 555 [62 Pac. 1067]; *Gregory* v. *Bonney,* 135 Cal. 589 [67 Pac. 1038]; 9 C. J. 622.)

One other point raised by defendant De Garmo requires brief mention. It is contended that where suit is brought against an agent and the undisclosed principal is joined, the plaintiff must prior to the judgment elect to hold one or the other. This is undoubtedly the rule, and it is fully discussed in the recent case of *Klinger* v. *Modesto Fruit Co.,* 107 Cal. App. 97 [290 Pac. 127]; but it was there held also that the principal who desires to take advantage of the rule must raise the point in the trial court by demurrer, motion or otherwise; and that a failure to demand such an election in the lower court constitutes a waiver of the right. There is no evidence in the record of such a demand and the point is therefore not well taken.

The judgment as to the defendant De Garmo is reversed, with directions to the trial court to enter judgment against him and in favor of plaintiffs in the sum prayed for, namely, $750, together with interest and costs.

Richards, J., Preston, J., and Waste, C. J., concurred.