[Civ. No. 13394. First Dist., Div. Two. Aug. 26, 1947.]

F. L. WRIGHT, Respondent, v. E. M. VERNON, Appellant.

John F. O'Sullivan for Appellant.

John E. Truman and Harold A. Harwood for Respondent.

NOURSE, P. J.—A real estate broker sues the owner for damages for the latter's breach of a written contract to sell real property. The plaintiff had judgment and defendant appeals.

The contract gave the plaintiff the exclusive right to sell 258 acres of land in San Joaquin County for $150 an acre. The owner reserved the right to cancel on 30 days' notice, and agreed to pay the broker 5 per cent commission. Without exercising the right of cancellation the owner, through another real estate broker, traded the land for property in Sacramento County which she testified was of a value equal to the value of $150 per acre which she had asked for the farm land. It was stipulated for the purpose of assessing damages that the defendant received in the exchange an equivalent of $150 an acre, or $38,700. The plaintiff's contract was executed on August 20, 1944. The exchange made by defendant with the third party was effected on September 20, 1944.

The trial court found that the defendant, by making the exchange of the property with a third party, had breached her exclusive sales contract with the plaintiff and that plain-

tiff was entitled to recover as damages for the breach a sum equal to 5 per cent of the exchange valuation of $38,700.

The only question raised by appellant is whether the sales contract excluded her right to exchange the property with a third party. The distinction between a sale and an exchange of real property may be conceded, but the concession has no bearing on the case. This is not an action to recover a broker's commission for a performance of his contract to obtain a purchaser. It is an action for damages for prevention of such performance. Thus the real question involved is whether when a broker is given an exclusive sales contract, as distinguished from an exclusive agency, the owner may defeat his right to procure a purchaser by disposing of the property through another broker.

The authorities in this state follow the rule that an agency contract carries the implication that the owner reserves the right to sell without obligation to pay the stipulated commission to the broker. (*Snook* v. *Page,* 29 Cal.App. 246 [155 P. 107] ; *Faith* v. *Meisetschlager,* 45 Cal.App. 7, 9 [187 P. 61] ; *Wilck* v. *Herbert,* 78 Cal.App.2d 392, 412-413 [178 P.2d 25].) The rule is *contra* when the contract gives the agent the exclusive "right to sell" and where the owner sells through another agent. (*Snook* v. *Page, supra; Wilck* v. *Herbert, supra;* 2 Am.Jur., p. 240 ; *Walter* v. *Libby,* 72 Cal.App.2d 138 [164 P.2d 21] ; Rest., Agency, p. 1058, § 449.)

Here the contract with the broker stipulated that "This right to sell is exclusive, but may be cancelled any time by 30 days notice." This contract was executed August 20, 1944. On September 18, 1944, the owner executed another contract designating another broker as her agent to exchange the property, and such exchange was made two days later and a commission was paid to the second broker. All this was done without notice to plaintiff and without cancellation of his exclusive contract to sell. It was a plain breach of the conditions of the contract and fully supports this judgment for damages.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 23, 1947. Carter, J., voted for a hearing.