[Civ. No. 15250.   First Dist., Div. Two.   Jan. 29, 1953.]

NORBERT C. ERTELL, Appellant, v. LLOYD'S FOOD PRODUCTS, INC. (a Corporation), Respondent.

John H. Machado for Appellant.

Crist, Stafford & Peters and Elton F. Martin for Respondent.

PATTERSON, J. pro tem.—The plaintiff, a real estate broker, brought an action to recover a commission in accordance with the terms of an agreement signed by the defendant authorizing the plaintiff to sell 3 acres, more or less, of land in Santa Clara County. A portion of the land was improved with a building which had been used as a cannery, and the balance was unimproved. The authorization to sell provided that the agent should have exclusively and irrevocably for a period of 120 days from date the right to sell the property described in the agreement for the sum of $52,500. It further provided that the defendant pay the agent as commission 5 per cent of the selling price whether the said property was sold by the agent or by defendant, or by another agent, or through some other source, or whether said property was transferred or conveyed during the time set forth. There was also a provision that in the event the property was sold within 30 days after the expiration of the agreement to anyone to whom the broker had shown it he would be entitled to a commission. The authorization was in full force and effect to and including July 21, 1949.

Within the 120 days set forth in the agreement defendant in the early part of July, 1949, without the consent of the plaintiff, leased the improved portion of the property for a period of five years. The balance of the land, 1.8 acres more or less, which was unimproved, was sold by defendant within the 120-day period to one Drew for $5,700. The plaintiff had shown the property to Drew. On July 5th, and before the

expiration of the 120-day period, the plaintiff by letter notified the defendant that he had shown this property to Drew as a complete unit and had also mentioned to him a sale of part of the acreage. The letter further stated that he had shown the property to a Mr. Adair and requested that he be given customary protection "as per our exclusive agency agreement." The parcel on which the cannery was situated was never sold and the plaintiff did not at any time produce a purchaser ready, able and willing to purchase the property. No commission was paid. Plaintiff filed this action upon a common count to recover the reasonable value of his services in the sum of $2,625, which is 5 per cent of the sale price mentioned in the agreement. The court gave plaintiff judgment for the sum of $285 which is 5 per cent of the sale price of the 1.8 acres. The plaintiff appeals from the judgment.

Plaintiff claims the right to recover under the rule that an agent may recover damages for the breach of an agreement granting an exclusive right to sell where the principal by his conduct prevents the agent from selling it. (*Fleming* v. *Dolfin,* 214 Cal. 269 [4 P.2d 776, 78 A.L.R. 585].)

Plaintiff first contends that the sale of the 1.8 acres of unimproved property prevented performance by him. However, he himself claimed the right under his agreement to sell the property in separate parcels and, in fact, attempted to sell the same acreage separately to Drew. There was no showing that it interfered in any way with the sale of the property on which the cannery was situated. If he had sold this acreage separately and had been unable to sell the remainder, under the contract he would have been entitled to the sum of $285, the amount awarded him by the judgment. Under the facts it does not appear that this prevented a performance by the plaintiff.

Plaintiff next contends that the leasing of the cannery property for five years prevented performance as far as this parcel was concerned. The property was never withdrawn from sale and there was evidence that it was more saleable with the lease than without it. A similar question was before the court in *Dinkelspiel* v. *Nason,* 17 Cal.App. 591 [120 P. 789]. In that case the broker had a listing which by its terms was to continue until withdrawal in writing. The owner during the effective period of the listing leased the property for five years with an option to purchase. Some five years later the option to purchase was exercised.

In the broker's action to recover a commission, the owner demurred on the grounds that the action was barred by the statute of limitations. He claimed the leasing of the property prevented performance and started the statute running. The court held that the leasing of the property did not give rise to a cause of action for a commission. In considering the contention (p. 597) "That the property, by the act of the owners, was withdrawn from sale and thereby the broker was prevented from obtaining a purchaser, and hence he should be held entitled to his commission" the court said, "The answer to this is that there was no agreement to this effect. The parties contracted that the plaintiff should have his commission only in case of a sale. If during the life of the option he had produced a purchaser ready, willing and able to buy, he probably would have earned his commission, notwithstanding the lease, but no such question arises here."

Under the facts here, instead of being prevented from performing, the plaintiff was in a more favorable position for he would be entitled to a commission if he produced a purchaser ready, able and willing to buy either with or without the lease. The execution of the lease did not prevent performance.

Considerable significance is attached to the plaintiff's own testimony that Mr. Adair, a prospective purchaser whom he had sent to view the premises, later reported to him that the key to the building on the premises had been taken from him. However, it does not appear who it is claimed took the key. Neither does it appear at what stage of the examination of the property it was taken. Adair was not called as a witness. The president and vice-president of the defendant company denied any recollection of such an incident.

The facts here are to be distinguished from the cases cited by plaintiff to the effect that where an owner conveys the entire property to a third person either by way of sale or exchange the broker is thereby prevented from performing and is entitled to a commission. Plaintiff places great reliance upon *Alderson* v. *Houston,* 154 Cal. 1 [96 P. 884]. There the owner gave a broker the exclusive right for a period of 18 months to sell a number of lots on commission agreeing to furnish with each a certificate of clear title. He allowed street assessment liens to accrue against the lots which he refused to discharge. The broker produced buyers for some of the lots who were willing to buy upon the furnishing of certificates of clear title and the sales were lost due to failure

of the owner to furnish them. The court also pointed out that there was uncontradicted evidence showing that it was extremely probable the broker could and would have sold all the lots in the time specified if the owner had been willing to clear the title. There are no comparable facts in the present case. The plaintiff not having produced a buyer ready, able and willing to purchase the cannery property he is not entitled to a commission on that parcel.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.