329 P.2d 1095

Charles A. MATTINGLY, Appellant,

v.

Louis J. BOHN and Gertrude Lee Bohn, his wife, Appellees.

No. 6603.

Supreme Court of Arizona.

Sept. 30, 1958.

Clark & Carson, Phoenix, for appellant.

Shute & Elsing, Phoenix, for appellees.

WINDES, Justice.

On September 28, 1954, appellant Charles A. Mattingly, plaintiff in the trial court and a licensed real estate broker, received from appellees, Louis J. Bohn and wife, defendants below, a signed listing giving plaintiff the authority to sell their real property for the sum of $20,000 with a down payment of $5,000 and agreeing to pay five percent commission on the total amount of sale. This instrument further stated: "I hereby make you agent and give you sole and exclusive rights till 1 Jan '55 to sell or exchange the above property." Under date of October 19, 1954, defendants executed an agreement wherein they agreed to sell the property to one Semon and wife for the sum of $20,000 payable $5,000 cash and the balance in semi-annual payments. Under the same date an escrow was set up with the Phoenix Title & Trust Company. Defendants executed the escrow instruments. These instruments made provision for the seller (defendants herein) to pay $1,000 agent's commission to Seastrom Agency and reflects that purchaser deposited in escrow $1,000 earnest money. The deed from seller was placed in the escrow. On November 23, 1954, plaintiff filed suit for $1,000 damages for breach of the exclusive listing agreement. Preliminary conference was had at which it was stipulated that the only issues to be tried were (1) whether there was a sale from defendants to Semons and if so (2) what was the measure of damages? It was further stipulated that plaintiff was not the procuring cause of the sale from defendants to the Semons. At the trial the foregoing instruments were admitted in evidence. The trial court rendered judgment for the defendants. Plaintiff appeals.

The first question presented is whether defendants sold the property to the Semons and thereby breached the contract wherein they had given plaintiff the exclusive right

to sell the property. Defendants contend that the execution of the foregoing instruments do not constitute a sale, apparently upon the theory that the escrow had not been completed and the deed delivered to the purchaser. Mrs. Bohn testified that she never gave a deed to the purchaser and that the escrow was not completed. There was no evidence that the deal had been canceled and the papers were still in the possession of the title company. We may assume that the deal which resulted in the foregoing escrow was handled by a real estate agent other than the plaintiff. The escrow instructions authorize the payment of an agent's commission of $1,000 and Mrs. Bohn testified she agreed to pay Seastrom Real Estate Agency this commission.

When an owner gives one agent the exclusive right to sell within a specified time, he in effect contracts he will not within such time make a sale through another agent and if such be done, the owner has breached his exclusive agency contract. It is not always necessary to constitute a sale that a conveyance must be made or the title pass. Eaton v. Richeri, 83 Cal. 185, 23 P. 286. The word sale has not a fixed and invariable meaning. It may be given a narrow or broad meaning depending upon the circumstances and what the parties reasonably intend. W. F. Boardman Co. v. Petch, 186 Cal. 476, 199 P. 1047; Glenn v. Inouye, 62 Cal.App. 259, 216 P. 418;

Travelers Ins. Co. v. Gibson, 133 Tex. 534, 130 S.W.2d 1026. The purpose of not permitting an owner to make a sale in violation of a prior exclusive right of sale is to enable the agent with the exclusive right to perform his contract and earn his commission. Under such circumstances a binding contract of sale with an established escrow is equally as effective to prevent the exclusive agent's performance as a completed transaction with deed delivered. We rule, therefore, that there was such a sale in this instance as breached defendants' contract with plaintiff giving exclusive right to sell and plaintiff is entitled to recover whatever is the correct measure of damages. Thus is presented the second question for decision.

The general rule that when an exclusive right such as is involved herein is given and the owner makes a sale through another agent in violation of the exclusive listing, the measure of damages is the amount of commission the plaintiff would have earned had he made the sale. McManus v. Newcomb, D.C.Mun.App., 61 A. 2d 36; Fleming v. Dolfin, 214 Cal. 269, 4 P.2d 776, 78 A.L.R. 585; Carter v. Hall & Martin, 191 Ky. 75, 229 S.W. 132; Harris v. McPherson, 97 Conn. 164, 115 A. 723, 24 A.L.R. 1530.

The defendants urge that plaintiff is not entitled to recover because he did not prove he presented a purchaser ready, able and willing to buy the property. No such

showing is necessary when plaintiff is prevented from performing by the defendants' wrongful violation of an exclusive agency. Lowe v. Loyd, 93 Cal.App.2d 684, 209 P.2d 851; Fleming v. Dolfin, supra; Harris v. McPherson, supra.

We conclude that the plaintiff was entitled to damages measured by the amount agreed in the listing contract. The judgment is reversed with instructions to enter judgment for the plaintiff in the sum of $1,000, with six percent interest thereon from November 23, 1954.

UDALL, C. J., and PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.