[L. A. No. 25227. In Bank. Feb. 20, 1959.]

WAYLAND T. LEONARD, Respondent, v. ROY E. FALLAS, Appellant.

Bailie, Turner, Lake & Sprague and Frederick W. Lake for Appellant.

Allan L. Leonard for Respondent.

McCOMB, J.—Defendant appeals from a judgment in favor of plaintiff in the sum of $8,000 in an action to recover a commission alleged to be due for breach of a contract for the sale of real property.

### CHRONOLOGY

i. On February 29, 1956, plaintiff, a licensed real estate broker, and defendant entered into the following contract:

"February 29, 1956

"Mr. Wayland T Leonard
Wayland T Leonard Co
215 West Sixth St.
Los Angeles 14 California

"Dear Mr. Leonard:

"In consideration of services rendered and to be rendered you are hereby granted the exclusive right to sell my property

located at the northeast corner of Wilshire Blvd and Union in Los Angeles and described as Lots 14, 16 and 18 in Block 2 of the Fairview Tract, for a period of three weeks from the date of my signature. I agree to sell my property for $243,-000.00 with 29% down and the balance payable annually within three years plus interest at 5% on the unpaid balance. I agree to pay you through escrow the Realty Board Commission which is 5% upon the first $100,000.00 of the purchase price, and 2½% upon the balance of the purchase price, if said property is sold on the above terms or any other terms acceptable to me while this contract is in force, or if sold within 90 days after its termination to anyone whose name is registered with me in writing as of the termination date.

''Receipt of a copy of this contract, which shall inure to the benefit of and bind the successors, assigns, executors and administrators of the parties respectively, is hereby acknowledged.

Date: 2-29-56

> Owner: /s/ Roy E Fallas
> Roy E Fallas
> 4618 West 6th Street
> Los Angeles Calif.

Termination Date:
March 22 1956
at 5 p.m.

I accept the above described employment and agree to use diligence in procuring a purchaser.

Date: 2-29-56

> Realtor: /s/ Wayland T Leonard
> Wayland T Leonard
> 215 W 6th Street
> Los Angeles, Calif.''

ii. On March 7, 1956, plaintiff wrote a letter to defendant giving him a list of the parties contacted by him to that date, which list included the name of Morgan Adams.

iii. On March 8, 1956, plaintiff obtained an offer of $200,000 from Gilbert and Rothschild for the property described in the contract, which offer defendant declined.

iv. On March 9, 1956, plaintiff, who had previously contacted Mr. Adams relative to the property, again contacted Mr. Adams, who stated that he was not interested in the property at the price asked.

v. On March 22, 1956, plaintiff's exclusive right to sell defendant's property expired.

vi. On June 6, 1956, an escrow was opened between Mr. Adams and defendant, whereby Mr. Adams agreed to purchase defendant's property for the sum of $220,000, and defendant agreed to sell it to him. This sale was arranged through Mr. Jones, a real estate broker associated with Dunn & Co. While the negotiations conducted by Mr. Jones were in progress, plaintiff telephoned Mr. Adams and was informed that he was then engaged in negotiations relating to the property. He told plaintiff, "don't upset my negotiations. Don't disturb this deal." He also informed plaintiff, "Every broker in town has submitted the property to me one time or another."

vii. On July 6, 1956, the escrow was closed and the sale consummated.

*Questions*: First. *Did plaintiff comply with the terms of his contract with defendant?*

*Yes.* These rules are here applicable.

■ 1. The parties to a broker's contract for the sale of real property are at liberty to make the compensation depend upon any lawful conditions they see fit to place therein. (*Kimmell* v. *Skelly,* 130 Cal. 555, 559 [62 P. 1067]; cf. *Fleming* v. *Dolfin,* 214 Cal. 269 [4 P.2d 776, 78 A.L.R. 585].)

■ 2. Where an agreement provides that a real estate broker's commission is to be paid if the property is sold within a specified period to a person whose name is furnished to the owner by the broker, and the property is sold by the owner to such a party during the prescribed period, it is immaterial that the agent was not the procuring cause of the sale. (*Fleming* v. *Dolfin, supra*; *Gregory* v. *Bonney,* 135 Cal. 589, 592 [67 P. 1038]; *Walter* v. *Libby,* 72 Cal.App.2d 138, 141 [3] et seq. [164 P.2d 21]; *Mills* v. *Hunter,* 103 Cal.App.2d 352, 357 [3] et seq. [229 P.2d 456]; *Delbon* v. *Brazil,* 134 Cal. App.2d 461, 464 [1] [285 P.2d 710].)*

■ 3. Where a landowner has agreed to pay a real estate broker a commission in the event of a sale, "a sale" means the making of an executory binding agreement by which the property is to be sold to a purchaser obtained by the broker. (*Twogood* v. *Monnette,* 191 Cal. 103, 107 [2] [215 P. 542]; *Coulter* v. *Howard,* 203 Cal. 17, 25 [6] [262 P. 751]; *Wood-*

---

*In the present case the language of the contract does not imply an obligation on the part of the broker to do anything more than list the name of the prospective purchaser with the owner.

*bridge Realty* v. *Plymouth Dev. Corp.*, 130 Cal.App.2d 270, 279 [6] [278 P.2d 713]; *Freeman* v. *Van Wagenen*, 90 N.J. Law 358 [101 A. 55, 56 [3, 4]]; *Felleman* v. *Von Luckner*, 253 N.Y.S. 567 [234 App.Div. 787]; *Klipper* v. *Schlossberg*, 96 N.J. Law 397 [115 A. 345, 346].)

 ■Applying the foregoing rules to the facts of the present case, it is evident that the property was sold "within 90 days after" the termination of the contract between plaintiff and defendant to a person "whose name" was registered with defendant by plaintiff in writing before the termination of the contract. Therefore, pursuant to the terms of the contract, plaintiff was entitled to his broker's commission from defendant.

*Wright & Kimbrough* v. *Dewees*, 52 Cal.App. 42 [197 P. 957], and *Hobson* v. *Hunt*, 59 Cal.App. 679 [211 P. 242], relied on by defendant, are not applicable to the facts in the present case. In *Wright & Kimbrough* v. *Dewees*, it was held that the rule here relied on was not applicable, because the contract provided " 'if sold to a party to whose attention said property was brought through the agency of said agent' the broker shall receive five per cent 'as a commission *for promoting said sale.*' " (P. 46.) It was pointed out that in *Kimmell* v. *Skelly*, 130 Cal. 555 [62 P. 1067], in which case the rule was held to be applicable, the contract provided for a fixed compensation in the event of a sale by anyone during a specified period. The situation in the present case is the same as in the Kimmell case.

In *Hobson* v. *Hunt, supra,* the contract provided for a commission "if the agent during the life of this agreement, shall find a purchaser ready, willing and able to buy the said property at the above price" (p. 680), while in the present case, as pointed out *supra,* there was no requirement that the plaintiff find a purchaser ready, willing and able to buy defendant's property.

Second. *Did the trial court err in not making a finding (a) that plaintiff had abandoned the contract and (b) whether plaintiff had performed all the conditions of the contract?*

*No.* This rule is here applicable: If findings are made upon issues which determine a cause, other issues become immaterial, and a failure to find thereon does not constitute prejudicial error. (*Merrill* v. *Gordon & Harrison*, 208 Cal. 1, 6 [3] [279 P. 996]; *Chamberlain* v. *Abeles*, 88 Cal.App.2d 291, 299 [8, 9] [198 P.2d 927]; *Mortgage Guarantee Co.* v. *Smith*, 9 Cal.App.2d 618, 621 [4] [50 P.2d 835]; see cases

654

cited in West's Ann. Cal. Code Civ. Proc., vol. 16, § 632, p. 533, n. 133.)

 In the present case the trial court found ''that plaintiff exercised diligence in performing his said contract; that plaintiff made contact with one Morgan Adams, also known as Morgan Adams Jr., in respect of the possible purchase by the said Adams of the said real property; that plaintiff under date of March 7th 1956, and on March 22nd 1956 by reference to the said letter of March 7th 1956, registered with defendant in writing the name of Morgan Adams (among others) as a prospective purchaser.

''The Court finds that before the expiration of the ninety days after March 22nd 1956 referred to in paragraph I of these findings, and on June 7th 1956, defendant sold to Morgan Adams, also known as Morgan Adams Jr., and to James H. Adams as nominee of Morgan Adams, the said real property for $220,000.00 through the agency of Charles J. Dunn & Co., real estate brokers.

''The Court finds that it is unnecessary to make findings in respect of issues not expressly covered herein.''

Clearly, the foregoing findings cover the material issues in the case, and there is an implied finding that plaintiff did not abandon the contract. Therefore, the above rule of law is applicable, and it was not prejudicial error for the trial court to fail to make additional findings.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.