[S. F. No. 14057. In Bank.—April 27, 1933.]

J. L. CRAIG et al., Plaintiffs; W. L. HOGAN, Plaintiff and Appellant, v. CHRISTOPHER A. BUCKLEY, Jr., et al., Defendants; CHRISTOPHER A. BUCKLEY, Jr., Respondent.

CHRISTOPHER A. BUCKLEY, Jr., Respondent, v. SIDNEY J. HIRSCH et al., Defendants; W. L. HOGAN, Appellant.

H. M. Anthony for Appellant.

Oliver Dibble and B. G. Sanders for Respondent.

CURTIS, J.—The first of these two actions was instituted by the owners of certain real property, which was subject to a deed of trust, to enjoin the sale of said real property, after an alleged default on the part of the plaintiffs in the payment of the promissory note, to secure which said trust deed was given. The second action was commenced by the payee of said promissory note to recover an amount alleged to be due on said promissory note after the sale of said real property under said trust deed, and the credit of the net proceeds of said sale upon said promissory note. The two cases were consolidated for trial. They were tried together and one set of findings was made and one judgment was rendered by which all of the issues in the two actions were determined and the rights of the parties adjudicated. The court in the judgment as rendered denied to the plaintiffs in the first action any relief by means of injunction, or otherwise, and in the second action gave judgment for the amount found due on said promissory note after the application to the payment thereof of the net proceeds of the sale of said real property under said trust deed. W. L. Hogan, one of the plaintiffs in the first action, and one of the defendants in the second action, alone appeals. The appeal is taken on the judgment-roll.

Although W. L. Hogan was not a party to said promissory notes or trust deed, the court found that at the time of making said loan he was in fact the owner of said real property; that said loan was made for his use and benefit and that Sidney J. Hirsch, one of the signers of said note, acted as the agent for said defendant, W. L. Hogan, in the making of said loan and in the execution and delivery of said note and deed of trust. The court therefore gave a personal judgment for the amount due and unpaid on said promissory note against the said W. L. Hogan and also against the said Sidney J. Hirsch and Anna Mae Hirsch, his wife. It released from all liability, however, Morton Hirsch,

who had signed said promissory note with Sidney J. Hirsch and Anna Mae Hirsch, and who personally negotiated the loan of said money from Christopher A. Buckley, Jr., the plaintiff in the second suit.

The first point made by appellant for the reversal of the judgment is that the notice of sale under the trust deed set forth an excessive amount as due and unpaid on said promissory note at the date of said notice. A complete answer to this contention is that said notice of sale is not set forth in any of the pleadings nor is there anything in the judgment-roll to show just what was contained in said notice of sale, or that there was in said notice of sale any overstatement of the amount due.

Equally untenable is the next point made by the appellant that the notice of sale was insufficient. It is conceded that due and legal notice of the sale in the first instance was given both by publication in a newspaper and by posting. Thereafter the trustee at the time and place fixed in said notice and without any further publication or posting postponed the sale to a definite date and at the place fixed in said notice of sale. By this and other like postponements the sale was continued from August 30, 1927, the date fixed in the said notice of sale, to January 26, 1928. There were twenty-three such postponements and they were each made by oral proclamation by the trustee at the time and place previously appointed and advertised for such sale. These postponements were made in accordance with the terms of said trust deed, which provided: "[The trustee] may from time to time postpone such sale by such advertisement as it may deem reasonable, or without further advertisement by proclamation made to the persons assembled at the time and place previously appointed and advertised for such sale." Appellant has cited a number of authorities to the effect that when a sale of property under execution, or under a power of sale, is postponed or continued a new notice of sale must be given by publication or posting, or by both, as required in the first instance. These cases, as will be readily seen upon an examination of them, arose either under statutes expressly requiring the giving of a new notice or under instruments containing a power of sale making the same requirement. None of them, so far

as we are able to determine, involved a sale under a trust deed, or other instrument, expressly authorizing the trustee, or person authorized to make the sale, to postpone the sale by oral proclamation. We see nothing in the claim of appellant that the provision in the deed of trust quoted above authorizes only one postponement. On the other hand, it explicitly provides for a postponement, "from time to time". Before leaving this phase of the case, we might add that there are cases holding that a sale duly and regularly noticed may be legally postponed by public proclamation made at the time and place at which the sale was noticed. (*Allen* v. *Cole*, 9 N. J. Eq. 286 [59 Am. Dec. 416] ; *Coxe* v. *Halsted*, 2 N. J. Eq. 311; *Beacon Hill Land Co.* v. *Bowen*, 33 R. I. 404 [82 Atl. 81].)

 The further point is made that the sale was continued contrary to the terms of a restraining order. Again we must call attention to the condition of the record. It does not contain the restraining order, or any information as to its contents sufficient to support appellant's assertion that its terms were violated by the trustee in merely postponing the date of sale. The only statement in the record to which our attention is called as indicating that a restraining order was issued against the trustee is a reference to an allegation in the answer of respondent, "that said sale would have been actually made on the 30th day of August, 1927, at the hour of 11:00 a. m. on said day had not this court restrained the same". If we can assume from this statement that the sale itself was restrained, it does not follow that the trustee was restrained from continuing the sale to a time after the restraining order had become ineffective. This evidently was just what was done, as no claim is made that any restraining order against the sale was in effect at the date on which the sale was finally made.

 The final point made by appellant is that the judgment is erroneous in that it runs against both the agent and the undisclosed principal. The rule upon this subject is well settled that while the plaintiff may bring the action against both the agent and the undisclosed principal, he may not have judgment against both, but before the close of the case, must elect whether he will take judgment against the one or the other. (*McDevitt* v. *Chas. Corriea & Bros.*,

70 Cal. App. 245 [233 Pac. 381].) This rule, however, is subject to an exception, or modification which holds that the right to compel an election is waived by failure to demand or move for that remedy during the course of the trial. (*Klinger* v. *Modesto Fruit Co., Inc.*, 107 Cal. App. 97 [290 Pac. 127].) The case just cited was followed by this court in a recent decision wherein is to be found the following statement of the law: "It is contended that where suit is brought against an agent and the undisclosed principal is joined, the plaintiff must prior to the judgment elect to hold one or the other. This is undoubtedly the rule, and it is fully discussed in the recent case of *Klinger* v. *Modesto Fruit Co., Inc., supra,* but it was there held also that the principal who desires to take advantage of the rule must raise the point in the trial court by demurrer, motion or otherwise; and that a failure to demand such an election in the lower court constitutes a waiver of the right. There is no evidence in the record of such demand and the point is therefore not well taken." (*Fleming* v. *Dolfin,* 214 Cal. 269, 271 [4 Pac. (2d) 776, 777, 78 A. L. R. 585].)

We have searched the record in the case now before us and do not find that appellant by motion, demurrer, or otherwise ever raised the point in the trial court or demanded or requested that respondent elect whether he take judgment against the agent or the undisclosed principal. Under the decisions cited such a failure constitutes a waiver of the right.

The judgment is affirmed.

Shenk, J., Seawell, J., Thompson, J., Preston, J., Langdon, J., and Waste, C. J., concurred.