[Civ. No. 6340.   Third Appellate District.—May 1, 1940.]

WILLIAM ELLIS LADY, Appellant, v. JAMES H. THOMAS et al., Respondents.

William Ellis Lady, *in pro. per.*, for Appellant.

Overton, Lyman & Plumb and Cecil A. Borden for Respondents.

THOMPSON, J.—The plaintiff has appealed from that portion of a judgment of foreclosure which denied him relief against an undisclosed principal in the execution of the promissory note which was secured by a trust deed.   An effort is also made to appeal from an order denying plaintiff's motion for a new trial.

■ The statute does not authorize an appeal from an order denying a motion for new trial. The attempt to appeal from that order was therefore ineffectual. (*Strauch* v. *Bieloh,* 16 Cal. App. (2d) 278 [60 Pac. (2d) 582].)

The complaint alleges, and the court found, that the defendants Mr. and Mrs. James H. Thomas, for a valuable consideration, executed a promissory note September 14, 1932, for the sum of $3,200 payable to Francis E. Dalin, one year from the date thereof at 7 per cent interest per annum payable quarterly; that the note was secured by a trust deed on certain described lots in Los Angeles, also executed by Mr. and Mrs. Thomas; that, as a part of the same transaction, the note and trust deed were immediately transferred to the plaintiff, William E. Lady; that Philip L. Wilson, a codefendant, was, in fact, the undisclosed principal in the execution of the promissory note, but that his name did not appear on the note or trust deed, and no reference to such undisclosed principal was made in connection with the transaction. The court thereupon rendered judgment against Mr. and Mrs. Thomas for the aggregate sum of the principal and interest due on the promissory note, together with expenses incurred for taxes, costs, and counsel fees. The court directed foreclosure of the trust deed and sale of the property pursuant to the terms thereof to satisfy the judgment. The court, however, decreed that plaintiff take nothing against the defendant Wilson, on the theory that he is exempt from liability under section 3099 of the Civil Code, because his name does not appear on the note or trust deed, and no reference to him is made in those instruments. From the last-mentioned portion of the judgment this appeal was perfected.

■ This is a suit to recover the unpaid portion of a negotiable instrument and to foreclose the trust deed executed to secure the note against not only the makers of the note but also against an undisclosed principal whose signature does not appear on the instruments, and to whom no reference is made therein. The trial court properly held that the undisclosed principal was not liable under such circumstances. Under the Uniform Negotiable Instruments Act adopted by California and other states of the Union, it is uniformly held that a suit may not be maintained on a promissory note against an undisclosed principal whose signature does not appear thereon, unless the note is signed by use of his trade

or other assumed name. (Sec. 3099, Civ. Code; *Pratt* v. *Hopper,* 12 Cal. App. (2d) 291 [55 Pac. (2d) 517]; *Crocker Nat. Bank of San Francisco* v. *Say,* 209 Cal. 436 [288 Pac. 69]; 5 U. L. A. 134, sec. 18, subd. 7; 1 Restatement of the Law of Agency, 382, sec. 152; 1 Daniel on Negotiable Instruments, 5th ed., 311, sec. 303; 2 Mechem on Agency, 2d ed., 1319, sec. 1736; 3 C. J. S., p. 175, sec. 247; Brannan's Negotiable Instruments Law, 4th ed., 156, sec. 18, annotations.)

The reason for the adoption of this rule releasing a principal from liability on negotiable instruments which do not bear his name is expressed in 2 Mechem on Agency, *supra,* as follows:

"In addition to the limitation upon the principal's liability growing out of the nature of the instrument under seal, 'there is . . . a well recognized exception to the rule in the case of notes and bills of exchange, resting upon the law of merchant. Persons dealing with negotiable instruments are presumed to take them on the credit of the parties whose names appear upon them; and a person not a party cannot be charged upon proof that the ostensible party signed or endorsed as his agent.''

Section 3099 of the Civil Code provides in that regard:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name.''

The case of *Craig* v. *Buckley,* 218 Cal. 78 [21 Pac. (2d) 430], upon which the appellant relies, is not in conflict with the foregoing rule regarding the liability of an undisclosed principal in a suit on a negotiable instrument which does not bear his name. It is true that the facts of the Craig case were quite similar to those of the present case, but the liability of an undisclosed principal whose name does not appear on the promissory note upon which suit was brought was not mentioned or involved. Section 3099 of the Civil Code is not cited or discussed in that opinion. The only questions raised on appeal or discussed by the court in rendering its opinion were the contentions that, (1) the notice of sale of the property stated an erroneous and excessive amount for the satisfaction of which the property was to be sold; (2) the time of the sale of the property was unlawfully

postponed contrary to the terms of the trust deed; (3) the sale of the property was unlawfully continued contrary to the terms of a restraining order, and (4) the judgment was erroneously rendered against both the principal and the agent, since the established rule requires a plaintiff to elect which one he prefers to hold for the obligation. In regard to the last-mentioned contention, the court merely held that the appellant's right to demand an election of liability as between the principal and the agent was waived by their failure to evoke that rule by demurrer or otherwise in the course of the trial. Clearly that case is not authority for the erroneous proposition that an undisclosed principal may be held liable in a suit on a promissory note which neither contains his signature nor makes reference to his name or liability in any manner.

Nor is the case of *Bank of America etc. Assn. v. Cryer,* 6 Cal. (2d) 485 [58 Pac. (2d) 643], upon which the appellant also relies, in conflict with what we have previously said regarding the liability of the undisclosed principal in this case. The chief distinction between that case and the present one is that this suit is a direct effort to hold an undisclosed principal to a promissory note liable *in an action on that instrument,* contrary to section 3099 of the Civil Code, while the Cryer case was not a suit on a negotiable instrument, but it was merely an action on stockholder's liability under former section 322 of the Civil Code, which was repealed in 1930. In the Cryer case a judgment in favor of the defendant as a stockholder was affirmed for the reason that the stockholder's liabilty was limited to his proportionate share of the indebtedness of the corporation which existed *during the time he was a stockholder,* and because all of the indebtedness which was involved in that suit was incurred before Cryer became a stockholder therein.

The learned Chief Justice, who wrote the opinion in the Cryer case, was very explicit in distinguishing between a suit for the liability of an undisclosed principal based on a negotiable instrument and an action, like the one which he was considering, for stockholder's liability, based on a *quasi-*contract from which the defendant received the benefits.. That distinction is clearly drawn by all the authorities without conflict. Under the law merchant, to preserve the integrity of negotiable instruments and permit them to circulate freely,

it is uniformly held that one whose name is not attached to such instruments may not ordinarily be held liable in a suit based upon those documents. In a proper suit based, not on the note, but independently thereof, and founded on *quasi*-contract presented upon appropriate allegations and proof, there may be a remedy against a disclosed or partially disclosed principal who receives the benefits thereof. The rule is concisely stated in 1 Restatement of the Law of Agency, page 381, section 151, as follows:

''A disclosed or partially disclosed principal is not a covenantor or grantor in a sealed contract or conveyance unless he appears upon the instrument to be such.

. . . . . . . . . . . .

''d. Although a principal is not liable as a party to a sealed instrument in which he does not appear as such, he may be subject to *quasi*-contractual or other liability, as where he has received the benefits of the contract.''

The remedy, as an exception to the general rule that one may not be held liable upon an instrument which does not contain his name, declared in the text found in 3 C. J. S., page 175, section 247, is to disregard the liability on the instrument and to maintain a separate suit to recover the original consideration received by him. That text reads:

''Where the undisclosed principal has obtained the benefits of the transaction in which the note was given by the agent, which in equity he ought not to retain, *the third person may reject the note and recover on common counts or on the original consideration for the contract.*''

Regardless of whether there should be a distinction between cases involving liability of an undisclosed principal in respect to negotiable instruments and those actions which grow out of non-negotiable instruments, it has been definitely determined that one may not recover judgment in a suit based on a negotiable instrument against a principal whose name does not appear thereon. This suit is founded on a negotiable instrument, and the trial court therefore properly held that the undisclosed principal on the note is not liable in this action.

The judgment is affirmed.

Tuttle, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 27, 1940.