Plaintiff brought suit jointly against defendant Davis and defendant Davis Construction Co., Inc., upon common counts. The evidence disclosed that plaintiff negotiated a contract with defendant and appellant Ray P. Davis. There was evidence that appellant negotiated the contract without disclosing to plaintiff that he was in fact acting as agent for Davis Construction Co., Inc., a Corporation.
After hearing the testimony the court, sitting without a jury, entered judgment against both defendants. Defendant Davis appeals. Defendant corporation does not.
The issue presented on appeal is stated to be "where plaintiff has knowledge prior to filing suit that defendant was acting as agent for co-defendant principal, and plaintiff brings suit jointly against both agent and principal, may judgment be awarded against both or must plaintiff elect between defendants?" *Page 202 
Before addressing the stated issue, it is appropriate that we state the principles of law applicable to the rights of a third party after entering into a contract with one who is in fact acting as agent for an undisclosed principal. Generally when an agent, acting within his real or apparent authority, enters a contract on behalf of his principal, only the principal is bound and subject to suit on the contract. However, where the agent fails to disclose the fact that he acts for a principal or fails to disclose the identity of his principal, both the agent and the principal may be bound. Wood v. Brewer, 73 Ala. 259
(1882). The person contracting with an agent for an undisclosed principal cannot recover from both, but upon demand must elect which one to hold liable.
There appears to be no decision of precedent in Alabama upon the question of when the election to recover from either agent or undisclosed principal should be made. However, there are ample decisions from other jurisdictions. Having carefully considered the decisions, we find and state the law of Alabama to be that suit on a contract entered into by a person with an agent for an undisclosed principal may be brought jointly against both agent and principal. Such action is authorized by Rules 20 and 21 of the Alabama Rules of Civil Procedure. The fact that such person, prior to filing suit gains knowledge of the existence and identity of a previously undisclosed principal does not require an election of remedy against agent or principal. There should be no requirement of election until after the issue of agency has been determined. To do so would require an election of parties before it is determined there exists a remedy against both.
After agency is established, either by admission or by the evidence, plaintiff may be required prior to judgment to elect whether to hold liable the agent or the principal. Though the right of election belongs to the plaintiff, it operates in favor of the defendants. It therefore should be their responsibility to demand it by motion or some appropriate pleading. We hold that if such demand to elect is not made and plaintiff does not of his own accord elect before entry of judgment, it may be considered waived, though we do not say it would come too late if presented by timely motion for new trial.
We do hold that if demand for election is not made during the trial or in a motion for new trial under Rule 59, ARCP, it is waived and may not be presented as an issue for the first time upon appeal. The record indicates that appellant Davis did not move for election nor present the issue by Rule 59 motion. He therefore waived the requirement of an election of judgment by plaintiff. However, clearly the joint judgment we now sustain may support only one recovery.
In support of our decision we cite the cases of Craig v.Buckley, 218 Cal. 78, 21 P.2d 430 (1933); McEwen v. Taylor,106 Cal.App.2d 25, 234 P.2d 754 (1951); Klinger v. Modesto FruitCo., Inc., 107 Cal.App. 97, 290 P. 127 (1930).
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.