(627 P.2d 389)
No. 52,083

AMORTIBANC INVESTMENT COMPANY, INC., *Plaintiff,* v. RAMPART AS-
SOCIATED MANAGEMENT, INC., KENNETH D. MCNAUGHTON, (*De-
fendant-Appellant*) RODICA MCNAUGHTON, LEE J. BAKER, MAR-
SHALL GREGORY, CAROLYN GREGORY, STAR LUMBER AND SUPPLY
COMPANY, INC., COLOR TILE SUPERMART, INC., GAS SERVICE COM-
PANY, ARCHITECTURAL LIGHTING, INC., LESTER UNREIN d/b/a
UNREIN EXCAVATION, PPG INDUSTRIES, INC., ACME BRICK COM-
PANY, DELBERT CROWL CO., INC., (*Defendant-Appellee*)  and
CASEY'S CORNER, INC., *Defendants.*

Opinion filed May 1, 1981.

*Alexander B. Mitchell,* of Sargent, Klenda, Haag & Mitchell, of Wichita, for
appellant.

*Don W. Riley,* of Wichita, for appellee.

Before JUSTICE MILLER, presiding, REES, J., and STEVEN P. FLOOD,
District Judge, assigned.

MILLER, J.: In an action on a contract, does a judgment against
the initially undisclosed principal operate to release and dis-
charge the agent from liability on the contract? That is the issue
in this foreclosure action.

Delbert Crowl Co., Inc., entered into a contract with Kenneth
D. McNaughton to supply and install air-conditioning equipment

in a residence being constructed in Sedgwick County. Crowl performed, and there remained $1,354.40 due on the account. Thereafter, Crowl learned that McNaughton had been acting as agent for an undisclosed principal, Rampart Associated Management, Inc. Crowl then filed a mechanic's lien against the property, naming both McNaughton and Rampart as the contractors.

Amortibanc Investment Company, Inc., held a mortgage on the premises. It filed this foreclosure action and named as defendants Rampart (the mortgagor), McNaughton (a guarantor on the mortgage note), and all lienholders of record, including Crowl. Crowl filed a cross-claim against both Rampart and McNaughton to enforce its lien and recover the balance due on its contract. Thereafter, judgment was entered by agreement of the parties on October 2, 1979, granting judgment for Amortibanc on its note and mortgage, and granting judgment for Crowl against Rampart on Crowl's cross-claim. The journal entry of judgment in part provided:

"13. The Court will reserve for future trial determination what, if any, obligations and liabilities the defendant, Kenneth D. McNaughton, owes to the defendant, Delbert Crowl Co., Inc., on the cross-claim filed by that defendant."

Later, the claim of Crowl against McNaughton was tried, and the judge made the following findings:

"1. In the absence of paragraph number 13 of the Journal Entry of Judgment dated the 2nd day of October, 1979 in the above captioned matter this cause of action would have been res judicata;

"2. The law requires a disclosure by a corporate agent that he is contracting in the name of the corporation, and a failure to make such disclosure renders the corporate agent personally liable to vendors that he has dealt with.

"3. The preponderance of the evidence showed that the corporate agent, Kenneth D. McNaughton did not disclose to Delbert Crowl Company, Inc., or any of its representatives that this was a transaction in the name of Rampart Associated Management, Inc., a Kansas Corporation.

"4. The preponderance of the evidence showed that the Defendant Kenneth D. McNaughton dealt with Delbert Crowl Company, Inc., as an individual.

"5. That judgment should be entered for the Defendant Delbert Crowl Company, Inc., against the Defendant Kenneth D. McNaughton in the sum of $1,354.40 with interest at 6% per annum from April 30, 1979 until the date of judgment, and thereafter should bear interest at 8% per annum until paid.

"6. Judgment is awarded in favor of the Defendant Delbert Crowl Company, Inc. against the Defendant Kenneth D. McNaughton for Court costs.

"7. The Court further FINDS that the judgment rendered against Rampart Associated Management, Inc., in favor of the Defendant Delbert Crowl Company, Inc., as set out in the Journal Entry of Judgment dated the 2nd day of October,

1979 and the judgment rendered herein arises out of one and the same obligation and that a payment made in satisfaction of either judgment should be applied to the other judgment. In other words, the obligation of Rampart Associated Management, Inc. and the obligation of Kenneth D. McNaughton are joint and several."

Judgment was then entered for Crowl and against McNaughton for $1,354.40 plus interest and costs. McNaughton appeals, claiming that the earlier judgment in favor of Crowl and against Rampart bars the subsequent judgment and operates to release and discharge McNaughton.

We find no Kansas case directly in point; cases from other jurisdictions discuss, and apply in various ways, the rules laid down in Restatement (Second) of Agency §§ 210(1) and 210 A, which provide:

"§ 210. Judgment For or Against Agent

(1) An undisclosed principal is discharged from liability upon a contract if, with knowledge of the identity of the principal, the other party recovers judgment against the agent who made the contract, for breach of the contract.

. . . .

[Comment]:

*b. Amelioration.* The hardship created by the rule in Subsection (1) may be ameliorated in several respects. Procedurally, it is possible for the third party to join the principal and the agent in one action and make his choice between principal and agent after the evidence is in. In some states, if the defendants do not require him to make an election, judgment against both can be entered, upon the ground that the defendants have waived their right to object to the judgments. Moreover, if the agent is entitled to exoneration or indemnity from the principal, the plaintiff is entitled to reach this asset of the agent as in the other situations in which a defendant is a secondary obligor."

"§ 210A. Joinder of Undisclosed Principal and Agent

A principal, initially undisclosed, and his agent can properly be joined on one action based upon a contract made by the agent; but if either defendant objects, the plaintiff can secure judgment only against the one whom he elects to hold."

The only Kansas case remotely similar is that of *Bruce v. Smith,* 204 Kan. 473, 464 P.2d 224 (1970), where plaintiff recovered judgment against both the agent and his undisclosed principal. The agent alone appealed, and the court upheld the judgment against him without reaching the propriety of the judgment against the principal and without discussing its effect, if any, on the liability of the agent. The court relied upon Restatement (Second) of Agency § 322, where this rule is stated:

"An agent purporting to act upon his own account, but in fact making a contract on account of an undisclosed principal, is a party to the contract."

As § 210A indicates, both principal and agent can be joined in a single action based on a contract made by the agent until one of the defendants objects and forces plaintiff to choose either the principal or the agent as the source of recovery. Some courts have interpreted this section and the general rule to permit judgments to be entered against both the principal and the agent if the defendants fail to object and require the plaintiff to make an election prior to the entry of judgment. This is in conformity with Comment *b* to § 210. The rationale of courts following this rule is that the duty of the plaintiff to elect is waived if the defendants, who have the right to compel an election, fail to do so. See 3 Am. Jur. 2d, Agency § 309, p. 668; 2 Williston on Contracts § 289, pp. 363-64 (3d ed. 1957); and 3 C.J.S., Agency §§ 416, 417. The discussion in C.J.S. is particularly pertinent:

§ 416 a. "Subject to some exceptions, a person contracting with the agent of an undisclosed principal must elect whether he wishes to hold the principal or the agent liable, as the liability of the principal and agent on a contract entered into with the agency undisclosed is alternative rather than joint or several.

§ 416 b. "In general, the election whether to hold the principal or the agent liable on the contract must ordinarily be made, *on motion or demand,* after the trial has begun and the issue of agency determined, and before judgment rendered.

. . . . .

"In any case, after the agency is established, and at some point prior to judgment, plaintiff may be required to elect whether to hold the principal or the agent liable. Although it has been held that the third party must take the initiative and make his election, it has been held to be a wiser and better rule of procedure . . . to require a motion for election to be made . . . . Since the right of election operates in favor of the principal and the agent, *it is their duty to seasonably make a demand for an election, and the duty does not rest on the third party.*

"[I]f the contracting party is not forced to elect in the lower court, this right of the principal and the agent is said to be waived and a joint judgment against them will be sustained." (Emphasis supplied.)

A persuasive opinion following this rationale appears in *Davis v. Childers,* 381 So. 2d 200 (Ala. Civ. App.), *writ denied* 381 So. 2d 202 (1979). There the plaintiff brought suit jointly against Davis and the Davis Construction Co., Inc. Plaintiff had entered into a contract with Davis, who had not disclosed that he was acting on behalf of the corporation. The issue was stated as follows: "[W]here plaintiff has knowledge prior to filing suit that defendant was acting as agent for co-defendant principal, and plaintiff brings suit jointly against both agent and principal, may

judgment be awarded against both or must plaintiff elect between defendants?" In the opinion the court said:

"Before addressing the stated issue, it is appropriate that we state the principles of law applicable to the rights of a third party after entering into a contract with one who is in fact acting as agent for an undisclosed principal. Generally when an agent, acting within his real or apparent authority, enters a contract on behalf of his principal, only the principal is bound and subject to suit on the contract. However, where the agent fails to disclose the fact that he acts for a principal or fails to disclose the identity of his principal, both the agent and the principal may be bound. . . . The person contracting with an agent for an undisclosed principal cannot recover from both, but upon demand must elect which one to hold liable.

"There appears to be no decision of precedent in Alabama upon the question of when the election to recover from either agent or undisclosed principal should be made. However, there are ample decisions from other jurisdictions. Having carefully considered the decisions, we find and state the law of Alabama to be that suit on a contract entered into by a person with an agent for an undisclosed principal may be brought jointly against both agent and principal. . . . The fact that such person, prior to filing suit gains knowledge of the existence and identity of a previously undisclosed principal does not require an election of remedy against agent or principal. There should be no requirement of election until after the issue of agency has been determined. To do so would require an election of parties before it is determined there exists a remedy against both.

"After agency is established, either by admission or by the evidence, plaintiff may be required prior to judgment to elect whether to hold liable the agent or the principal. Though the right of election belongs to the plaintiff, it operates in favor of the defendants. It therefore should be their responsibility to demand it by motion or some appropriate pleading. We hold that if such demand to elect is not made and plaintiff does not of his own accord elect before entry of judgment, it may be considered waived, though we do not say it would come too late if presented by timely motion for new trial.

"We do hold that if demand for election is not made during the trial or in a motion for new trial . . . it is waived and may not be presented as an issue for the first time upon appeal. The record indicates that appellant Davis did not move for election nor present the issue. . . . He therefore waived the requirement of an election of judgment by plaintiff. However, clearly the joint judgment we now sustain may support only one recovery.

"In support of our decision we cite the cases of *Craig v. Buckley,* 218 Cal. 78, 21 P.2d 430 (1933); *McEwen v. Taylor,* 106 Cal. App. 2d 25, 234 P.2d 754 (1951); *Klinger v. Modesto Fruit Co., Inc.,* 107 Cal. App. 97, 290 P.2d 127 (1930)." 381 So. 2d at 202.

In the case before us, as in the *Davis* case, no timely demand for an election was made by the principal or by the agent before judgment was entered. In our case, the trial of the claim against the agent was specifically reserved by the trial court, with the assent of the parties, until a date subsequent to the entry of judgment on the claim against the principal. If Crowl had been

required to elect as between McNaughton and Rampart prior to the entry of judgment against Rampart, perhaps he would have chosen to proceed against McNaughton, perhaps against Rampart. But Crowl was *not* required to elect; the claim against McNaughton was specifically and consensually reserved for later trial; to require an election at this stage of the proceedings, or to hold that the judgment entered by agreement against Rampart bars judgment against McNaughton, would violate the agreement of the parties. McNaughton waived his right to require an election by not making a timely motion to elect.

We conclude as follows: (1) Where a third party enters into a contract with an agent for an undisclosed principal, the third party, upon discovery of the agency, may bring action against both principal and agent. (2) Once the agency has been established, either by admission or by evidence, the third party may be required to elect whether to proceed against the principal or the agent. (3) The right to *compel* an election belongs to the principal and the agent, though the right to *make* an election belongs to the third party. (4) If no motion to compel an election is made in the trial court before judgment is entered against either principal or agent, then the matter of election is waived. (5) A judgment on a single contract, entered against both principal and agent, will support but a single recovery. In other words, satisfaction of the judgment by either principal or agent extinguishes the judgment against the other.

The judgment is affirmed.